Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| James T. Harris, Jr.; and Barbra Harris;<br><br>  Plaintiffs,<br><br>v.<br><br>DSS Financial Group, LLC;<br><br>  Defendant. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter "FDCPA"). Plaintiffs seek an award of statutory damages, actual damages, court costs and attorney's fees.

### II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection

1  practices by debt collectors, to insure that those debt collectors who
2  refrain from using abusive debt collection practices are not
3  competitively disadvantaged, and to promote consistent state action to
4  protect consumers against debt collection abuses. FDCPA § 1692.

5  3.  The FDCPA is designed to protect consumers who have been
6      victimized by unscrupulous debt collectors regardless of whether a
7      valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th
8      Cir. 1982).

9  4.  The FDCPA defines a "consumer" as any natural person obligated or
10     allegedly obligated to pay any debt.  FDCPA § 1692a(3).

11 5.  The FDCPA defines "debt" as any obligation or alleged obligation of a
12     consumer to pay money arising out of a transaction in which the
13     money, property, insurance, or services which are the subject or the
14     transaction are primarily for personal, family, or household purposes.
15     FDCPA § 1692a(5).

16 6.  The FDCPA defines "debt collector' as  any person who uses any
17     instrumentality of interstate commerce or the mails in any business
18     the principal purpose of which is the collection  of any debts, or who
19     regularly collects or attempts to collect, directly or indirectly, debts
20     owed or due or asserted to be owed or due to another.  FDCPA §
21     1692a(6).

22 7.  Any debt collector who fails to comply with the provisions of the
23     FDCPA is liable for any actual damage sustained; statutory damages
24     up to $1,000; attorney's fees as determined by the Court and costs of
25     the action. FDCPA § 1692k.

III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendant perpetrated therein.

IV. PARTIES

9. Plaintiffs are individuals residing in Maricopa County, Arizona.

10. Plaintiffs were allegedly obligated to pay a consumer debt and are "consumers" as that term is defined by FDCPA § 1692a(3).

11. Defendant DSS Financial Group, L.L.C. ("DSS") is an Arizona limited liability company with its primary place of business located at 80 E. Columbus, Phoenix, Arizona 85012.

12. DSS collects or attempts to collect debts it has purchased after default.

13. DSS is a "debt collector" as that term is defined by FDCPA § 1692a(6).

V. FACTUAL ALLEGATIONS

14. On February 13, 2009, DSS filed suit in the North Valley Justice Court against Plaintiffs alleging it had purchased a debt owed by Plaintiffs from some other unidentified entity. (A copy of the Complaint is attached hereto as Exhibit A).

15. In paragraph II of Exhibit A, DSS alleged that Plaintiffs were indebted to DSS in the total amount of $6,940.69, which represents $5,651.02 principal and $1,289.67 in interest.

16. On or about February 14, 2009, DSS mailed or caused to be mailed a letter to Plaintiffs concerning the alleged debt. (A copy of this letter is attached hereto as Exhibit B).

- 3 -

17. Exhibit B is the first written communication from DSS to Plaintiffs concerning the alleged debt.

18. In Exhibit B, DSS states that the balance owed "as of 02/14/2009" was $7,106.88.

19. In Exhibit B, DSS states that it "recently acquired your delinquent account ending in 8237 from Chase Bank Credit Card.

20. Upon information and belief, DSS did not acquire the alleged debt from Chase Bank.

21. On April 21, 2009, DSS through its manager Steven Sandler, mailed or caused to be mailed to Plaintiffs DSS's initial disclosure statement, including 1) an affidavit of sale from Chase Bank to Unifund; 2) an affidavit and assignment from Unifund to DSS; and 3) the last statement to Mr. Harris by Chase in 2006.

22. The affidavit of sale from Chase Bank to Unifund provided by DSS stated that the amount owing as of October 31, 2006 was $5,651.02.

23. The affidavit and assignment from Unifund to DSS states that as of November 8, 2008, the amount due was $5,651.02.

24. The last statement to Mr. Harris by Chase in 2006 states that the balance owed was $3,520.67.

25. At all relevant times herein, DSS was adding interest on the alleged debt it was attempting to collect from Plaintiffs.

26. DSS failed to state in its initial written communication to Plaintiffs the correct "amount of the debt" allegedly owed as required by FDCPA § 1692g(a)(1).

27. In the alternative, the Complaint filed by DSS against Plaintiff alleged

1  an amount which was not owed.

2  28. DSS failed to state in its initial written communication to Plaintiffs that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges.

29. DSS failed to notify Plaintiffs in its initial written communication to Plaintiffs of their right to obtain an up to date amount of the debt allegedly due.

30. The case of Miller v. McCalla et al., 241 F.3d 872 (7th Cir. 2000), sets forth "The debt collectors duty to state the amount of the debt in cases like this where the amount varies from day to day." Id. at 876.

31. DSS failed to comply with that duty.

32. DSS's actions set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights and part of its persistent and routine practice of debt collection.

33. In the alternative, Defendants' actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

34. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

35. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f(1), and 1692g.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for:

a) Statutory damages of $1,000 for each Plaintiff pursuant to FDCPA § 1692k;

b) Actual damages in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED  January 25, 2010  .


    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs